IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HERMAN ADDISON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-01076-NJR |
| | ) |
| IDOC PAROLE OFFICE, | ) |
| ST. CLAIR COUNTY SHERIFF'S | ) |
| INVESTIGATOR, | ) |
| MARK JUNGEE, and | ) |
| EAST ST. LOUIS PAROLE AGENTS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Herman Addison, Jr., is a parolee under the supervision of the Illinois Department of Corrections. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to his current placement on parole, as well as his false arrest for a parole violation.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. *Id*.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

The complaint presents a running narrative of events. Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

### Count 1

On February 11, 2015, Plaintiff's residence was searched—the complaint does not indicate who performed the search. Pipes were broken, resulting in substantial property damage to floors and carpet. Plaintiff seeks monetary compensation.

The Fifth Amendment to the Constitution forbids the taking of property without just compensation, but "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 195 (1985). Illinois provides a remedy for property damage through the Illinois Court of Claims, and there is no allegation that that remedy has been tried. For that reason, Plaintiff's claim is not ripe, and Count 1 will be dismissed without prejudice. *See Sorrentino v. Godinez*, 777 F.3d 410, 413-14 (7th Cir. 2015).

**Count 2**

It is alleged that an unnamed investigator for the St. Clair County Sheriff's Department falsified a parole violation report and offered false testimony, resulting in Plaintiff being convicted of a parole violation for threatening his family with a firearm, ultimately resulting in Plaintiff's parole being reinstated.

*Heck v. Humphrey,* 512 U.S. 477 (1994), and *Edwards v. Balisok,* 520 U.S. 641 (1997), hold that a Section 1983 civil rights action cannot be used to wage a collateral attack, or imply the invalidity of a judicial or administrative adjudication that authorizes ongoing custody, or even a parole revocation conviction—at least not until that adjudication has been overturned. *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005); *Knowlin v. Thompson,* 207 F.3d 907, 909 (7th Cir. 2000). The complaint makes clear that Plaintiff was convicted of the allegedly fabricated parole violation, and he remains on parole because of that conviction. Plaintiff cannot proceed with his constitutional claim for damages under Section 1983 until that parole conviction is overturned. Count 2, therefore, will be dismissed without prejudice.

**Count 3**

The complaint alleges that an unnamed East St. Louis parole agent forged Plaintiff's initials on a form waiving Plaintiff's right to a preliminary hearing, thereby denying Plaintiff due process, as guaranteed under the Fourteenth Amendment. The parole agent involved is considered to be among the "East St. Louis Parole Agents" listed as defendants to this action.

Due process requires a preliminary hearing and a revocation hearing for a person facing revocation of parole—even if only to avoid the restrictions of a parole term. *See United States v. LeBlanc*, 175 F.3d 511, 515 (7th Cir. 1999) (citing *Morrissey v. Brewer,* 408 U.S. 471 (1972); and *United States v. Stocks,* 104 F.3d 308, 312 (9th Cir. 1997), *cert. denied,* 522 U.S. 904

(1997)). Count 3, therefore, states a colorable claim. Of course, Plaintiff must identify the parole officer involved in order for service of summons and the complaint to be accomplished.

### Count 4

While Plaintiff has been on parole, unnamed East St. Louis parole agents have allegedly retaliated against Plaintiff. Agent Mark Jungee arrested Plaintiff on September 8, 2015, after Plaintiff had to go to the emergency room before he was able to obtain permission from the "parole switchboard." Upon his return from the emergency room, Plaintiff was able to get through to the switchboard and explain his situation. He provided a phone number so his story could be verified, but hours later Plaintiff was arrested for violating his parole, only to be released later. Plaintiff himself characterizes his arrest as a "mistake."

The Court perceives Count 4 as asserting a false arrest claim, which generally is actionable under the Fourth Amendment. But there is nothing to suggest that Plaintiff's arrest was the result of anything more than negligence. Plaintiff himself characterizes his arrest as a "mistake." A Fourth Amendment false arrest claim requires more than allegations of negligence or innocent mistake. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). As pleaded, Count 4 fails to state a Fourth Amendment claim.

Furthermore, Plaintiff's vague reference to retaliation is insufficient under the *Twombly* pleading standard to frame any constitutional claim. Count 4 will be dismissed without prejudice.

### Count 5

Since Plaintiff's false arrest, he has spoken with Commander Lee of the Parole Department (who is not a named defendant). Lee indicated he was "uncomfortable" with the dismissal of a gun charge against Plaintiff, and he wanted Plaintiff to take a class for sex offenders, based on a two year old misdemeanor charge from Iowa. Plaintiff attributes

Commander Lee's action to "East St. Louis Parole Dept. retaliation for Plaintiff reinstatement of his parole" [sic] (Doc. 1, p. 6). Plaintiff contends his Fourteenth Amendment rights to due process and the equal protection of the law have been violated.

As pleaded, Count 5 fails to state any colorable constitutional claim. As already noted, Commander Lee is not named as a defendant; therefore, there no claim can proceed against Lee. Insofar as Plaintiff attributes Lee's actions to the Parole Department and retaliation, the claim fails to satisfy the *Twombly* pleading standard. There is nothing to link Lee to any sort of unconstitutional policy or practice. The alleged retaliation for the reinstatement of Plaintiff's parole appears to be nothing more than the rules of parole being imposed upon someone who is on parole, but perhaps Plaintiff meant to convey something more.

The bald reference to the Equal Protection Clause does nothing to make out a claim. The essence of an equal protection claim is that an official "singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group[,]" *Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996), and that the plaintiff suffered because of his membership in the group that was targeted for discrimination. A so-called "class of one" equal protection claim arises when a plaintiff alleges that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff has not shown that he was treated differently in comparison to anyone else. Count 5 will be dismissed without prejudice.

## Motion for Counsel

Plaintiff moves for the recruitment of counsel to represent him (Doc. 3). He asserts without elaboration that he has called multiple attorneys, to no avail. He is a high school

graduate, but has no legal training. He currently takes the following prescription drugs: Metformin; amlodipine; glipizide; Metoprole; Timolol; Xylantin and aspirin—medications to treat diabetes, hypertension and heart disease (*see* www.rxlist.com).

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff offers no details to substantiate his assertion that he called numerous attorneys (as the form motion indicates is required). That alone is a sufficient basis for denying his motion. The complaint's shortcomings can be easily cured by amendment. Although Plaintiff only has a

high school degree, the complaint illustrates that Plaintiff can sufficiently communicate his claims, at least well enough to draft a viable amended complaint.

Two factors give the Court pause: (1) Plaintiff's medications; and (2) his need to identify the parole officer who allegedly forged his initials on the form waiving a preliminary hearing, as alleged in Count 3. Plaintiff does not indicate that he experiences adverse side effects from his medications or medical conditions. Also, it is worth allowing Plaintiff an opportunity to investigate and amend the complaint to identify the parole agent involved in Count 3 (or to state another colorable claim)—something reasonably within his abilities.

For these reasons, at this time Plaintiff's motion for counsel (Doc. 3) will be denied without prejudice to refiling. The Court will remain open to recruiting counsel in the future.

## Change of Supervision

Plaintiff moves for a court-ordered change in his parole supervision due to a perceived conflict of interest resulting from this lawsuit, and because of the allegations underlying Counts 1-5 (Doc. 5).

At this juncture, the only colorable claim stated is Count 3, regarding an unidentified parole officer allegedly forging Plaintiff's initials on a form waiving preliminary hearing. Thus, Plaintiff's bare assertion that the entire East St. Louis Parole Office is somehow tainted is insufficient to warrant what would amount to a preliminary injunction. Plaintiff's motion (Doc. 5) will, therefore, be denied without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that, Plaintiff's motion for counsel (Doc. 3) and motion to change supervision (Doc. 5) are both **DENIED without prejudice**.

IT IS FURTHER ORDERED that, for the reasons stated, **COUNTS 1, 2, 4 and 5, and Defendants IDOC PAROLE OFFICE, ST. CLAIR COUNTY SHERIFF'S INVESTIGATOR, and MARK JUNGEE** are **DISMISSED without prejudice**.

IT IS FURTHER ORDERED that **COUNT 3** against an unidentified **EAST ST. LOUIS PAROLE AGENT** may **PROCEED**, in that a colorable constitutional claim has been stated; however, the parole agent at issue will have to be identified before service of process can be effected. Accordingly, Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED as premature**.

IT IS FURTHER ORDERED that on or before **November 30, 2015**, Plaintiff shall file an amended complaint identifying the unnamed defendant in Count 3 and re-pleading any other claims Plaintiff wants to pursue. Any amended complaint will undergo preliminary review pursuant to Section 1915(e)(2). Failure to file an amended complaint by the prescribed deadline, absent a showing of good cause, may result in the dismissal of this action with prejudice.

Again, service shall not be made on the unknown defendant "East St. Louis Parole Agent" until such time as Plaintiff has identified him/her by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Plaintiff's motion for leave to proceed as a pauper (Doc. 2) will be addressed by separate order.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 22, 2015**

_____
**NANCY J .ROSENSTENGEL**
**United States District Judge**