IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HERMAN ADDISON, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15−cv–1076−NJR |
| ) | |
| **IDOC PAROLE OFFICE,** ) | |
| **ST. CLAIR COUNTY SHERIFF'S** ) | |
| **INVESTIGATOR,** ) | |
| **MARK JUNGE, and** ) | |
| **EAST ST. LOUIS PAROLE AGENTS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Herman Addison, Jr., an inmate in Graham Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights which allegedly occurred while he was on parole. This case is now before the Court for a preliminary review of the Amended Complaint. Although the Court's previous order specified that such review would take place pursuant to 28 U.S.C. § 1915(e)(2), since that time, and prior to filing his Amended Complaint, Plaintiff has been re-incarcerated. Therefore, the Court will conduct the review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### Background

Plaintiff originally filed this action on September 29, 2015. (Doc. 1). The Complaint underwent threshold review on October 22, 2015, and was dismissed without prejudice. (Doc. 6). That Order noted that Plaintiff had stated a colorable claim against the unknown parole agent who allegedly forged Plaintiff's initials on the form waiving his preliminary hearing, but directed Plaintiff to identify the agent in an Amended Complaint, no later than November 30, 2015. Plaintiff failed to do so, and the Court dismissed this case. (Doc. 13). Plaintiff then filed a Motion for Reconsideration alleging that, due to his re-incarnation, he did not receive the relevant paperwork. (Doc. 11). The Court granted that motion and re-opened the case on January 8, 2016. (Doc. 13). The Court also filed Plaintiff's Amended Complaint that same day. (Doc. 14).

Plaintiff's Amended Complaint alleges that Jay Hamilton forged Plaintiff's initials on a form waiving his right to a preliminary hearing without Plaintiff's permission or knowledge. (Doc. 14, p. 1). Plaintiff further alleges that on August 25, 2015, Mark Junge, another parole agent, denied Plaintiff the right to work at his family business, which caused financial hardship and loss of business. (Doc. 14, p. 1-2). Plaintiff also attached a grievance that alleged that Plaintiff's legal mail from the Federal Courts and the State Courts was opened outside of his presence on July 16, 2015. (Doc. 14-1).

The Court construes Plaintiff's Amended Complaint to contain two claims:

**Count 1**: Jay Hamilton violated Plaintiff's due process rights as guaranteed by the Fourteenth Amendment when he forged Plaintiff's initials on a form waiving Plaintiff's right to a preliminary hearing; and

**Count 2**: Mark Junge violated Plaintiff's due process rights when he refused to allow him to work at his family's business.

For the reasons set forth below, Count 1 survives threshold review, but Count 2 is subject to dismissal.

Plaintiff's Amended Complaint identifies Jay Hamilton as the parole agent who forged Plaintiff's initials on a form waiving Plaintiff's right to a preliminary revocation hearing. Plaintiff inexplicably failed to include Hamilton in his case caption, which would normally be grounds for dismissal, *see* Federal Rule of Civil Procedure 10(a) (caption of the case "must name all the parties"); *Myles v. United States,* 416 F.3d 551, 551–52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption"), but because the Court previously determined that Hamilton must be part of the group "East St. Louis Parole Agents," (Doc. 6, p. 3), the Court will consider the inclusion of that party in the caption to be sufficient. The Clerk of Court is, however, directed to terminated the party "East St. Louis Parole Agents" and replace it with "Jay Hamilton." **Count 1** will proceed now that Plaintiff has identified the unknown parole agent who allegedly forged his signature.

Plaintiff's Amended Complaint also contains a new claim against Mark Junge, specifically, that Junge denied Plaintiff the right to work at his family business. Although Plaintiff doesn't say, presumably Junge's approval of Plaintiff's employment plans was a condition of his parole. The Supreme Court has said it is reasonable to require the permission of a parole agent before engaging in certain activities or employment. *Morrissey v. Brewer*, 408 U.S. 471, 478 (1972). But Section 1983 claim is not the appropriate vehicle to challenge a condition of parole. *Preiser v. Rodriquez*, 411 U.S. 475, 490 (1973); *Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003). *Heck v. Humphrey* also bars claims for damages if success on the merits necessarily would imply the invalidity of the

revocation, although the Amended Complaint is silent as to whether that is the case here. 512 U.S. 477, 487; *Knowlin v. Thompson*. 207 F.3d 907, 909 (7th Cir. 2000). It is also not relevant here that Plaintiff's parole has already been revoked. *See Blackmon v. Hamblin*, 436 F. App'x 632, 633 (7th Cir. 2011). If Plaintiff wishes to challenge a condition of his parole, he must file a petition for a writ of habeas corpus. **Count 2** will therefore be **DISIMSSED without prejudice** to Plaintiff filing a new action.

Plaintiff also attached a grievance to his Amended Complaint alleging that legal mail was opened outside of his presence. However, the body of the Amended Complaint refers to an exhibit in support of Count1, presumably the document that Hamilton allegedly forged Plaintiff's initials on. Because it appears to the Court that Plaintiff attached his grievance in error and meant to attach a different exhibit addressing Hamilton's conduct, the Court has not construed the grievance itself as stating a claim. If Plaintiff wishes to bring a claim based on the allegations in the grievance, he must file a separate lawsuit, because the mail claims are not related to the parole claims at issue here. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007). Nothing the Court says in this Order is meant to comment on the merits of the legal mail claim. Should Plaintiff file a suit on that claim, he would be subject to a separate filing fee and § 1915A screening.

Plaintiff's Amended Complaint lists the IDOC parole office, St. Clair County Sheriff's investigator, Mark Junge, and East St. Louis Parole Agents as Defendants in the case caption. The Court has already addressed the claims against Junge and East St. Louis Parole Agents. All other defendants must be dismissed, because Plaintiff has not included any claims against them in the body of his Amended Complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are

directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Defendants IDOC Parole Office and St. Clair County Sheriff's investigator will be dismissed from this action without prejudice.

### Pending Motions

Since filing his Amended Complaint, Plaintiff has filed a Motion for Summary Judgment (Doc. 24) and a Motion to Appoint Counsel (Doc. 25). Plaintiff's Motion for Summary Judgment is premature. Defendants have not been served with notice of the Amended Complaint, and thus they have not had the opportunity to respond to Plaintiff's allegations or conduct discovery. Plaintiff's Motion for Summary Judgment is therefore **DENIED**, although Plaintiff may file another dispositive motion in due course in accordance with the scheduling order to be entered by the Magistrate Judge assigned to this case. The Court also refers Plaintiff's Motion to Appoint Counsel to the Magistrate Judge for disposition.

### Disposition

**IT IS ORDERED** that **COUNT 2** is **DISMISSED without prejudice** as to Plaintiff filing a writ for habeas corpus. Defendant Junge is therefore **DISMISSED with prejudice** as to proceeding in this suit. Defendants IDOC Parole Office and St. Clair County Sheriff's Investigator are also **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminated the party "East St. Louis Parole Agents" and replace it with "Jay Hamilton."

The Clerk of Court shall prepare for Defendant **Hamilton**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order

to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald Wilkerson** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his

application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 23, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**