IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HERMAN ADDISON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-1076-NJR-DGW |
| ) | |
| JAY HAMILTON, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the motion to amend (Doc. 36), the motion for handwriting specialist (Doc. 37), the motion for a hearing (Doc. 38), the motion for leave to proceed in forma pauperis (Doc. 42), and the motion for additional time to pay partial filing fees (Doc. 43).

Plaintiff is proceeding on one due process claim: that Defendant Hamilton forged his initials on a document that waived his right to a preliminary hearing in a criminal matter. Plaintiff now seeks to amend his complaint in order to add claims against Defendant in his "official capacity" and against John Baldwin, the Illinois Department of Corrections, the "Illinois Dept. of Corrections office in East St. Louis," and "acting supervisor." Plaintiff reiterates his claim against Jay Hamilton (but excludes some details like the date that the event occurred) but also claims that the other Defendants failed to supervise him thereby violating his constitutional rights. And, Plaintiff appears to allege that Defendants have a policy and practice of either engaging in illegal or at least unconstitutional activity or of ignoring Hamilton's actions.

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given when justice so requires but may be denied if there is undue delay, futility, or prejudice. *Life*

*Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 357-358 (7th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Conclusory statements or the mere recitation of the elements of the cause of action are insufficient. *Id.* The pleading must contain factual allegations that "raise the right to relief above the speculative level." *Id.* at 555. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court emphasized two underlying principles in *Twombly*: first, that legal conclusions stated in a complaint are not entitled to the assumption of truth reserved to factual allegations, and second, a complaint must state a plausible claim for relief. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged– but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

First, there is no *respondeat superior*, or supervisory, liability in 42 U.S.C. § 1983 cases. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Such claims are therefore futile. Second, Plaintiff's purported policy and practice claim is vague and would not inform Defendants of the claims against them. Plaintiff provides no detail of the policy that he challenges and appears to be merely conflating the two distinct theories, supervisory liability and a policy and practice claim, that is confusing and bare-bones. Third, Plaintiff's claims, if any, are redundant – suing John Baldwin is redundant of his purported claim against the IDOC as are his purported claims against the East St. Louis office of the IDOC and the supervisors employed there. Any policy and practice claim could only be asserted against the IDOC. Fourth, Plaintiff has

included other requests for relief, including discovery. A pleading should not include requests that must be made by motion as required by Federal Rule of Civil Procedure 7(b). Plaintiff's motion to amend is accordingly **DENIED WITHOUT PREJUDICE**.

Plaintiff requests a court-appointed handwriting expert to provide evidence in this matter. The Federal Rules of Civil Procedure do not contemplate a court appointed expert in order to assist Plaintiff in prosecuting this civil suit. Federal Rule of Evidence ("FRE") 706 does permit the Court to appoint an expert and apportion costs between the parties. Just as in the appointment of a medical expert, a FRE 706 expert may be necessary to "help sort through conflicting evidence . . . , but [the court] need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson." *Turner v. Cox*, Fed.Appx. 463, 468 (7th Cir. 2014), citing *Ledford v. Sullivan*, 105 F.3d 354 (7th Cir. 1997). Plaintiff seeks appointment of an expert for his own benefit – such an act is not required by the rules. If Plaintiff needs an expert to pursue this (optional) lawsuit, he must make his own arrangements. The motion for a handwriting specialist is accordingly **DENIED**.

Plaintiff motion for a hearing is likewise **DENIED**. Local Rule 7.1(h) provides that the Court may schedule a hearing on a motion provided that Plaintiff state why a hearing is required. Plaintiff has not provided any such explanation. In any event, no hearing on the pending motions is necessary.

Plaintiff's last two motions, to proceed *in forma pauperis* and for extension of time to pay initial partial filing fee, are **MOOT**. Plaintiff is correct in noting that the filing fee has been waived (or at least payment has not been directed by the Court). As such, the instructions contained in paragraph IA of the Scheduling Order (Doc. 40) do not apply.

For the foregoing reasons, the motion to amend (Doc. 36) is **DENIED WITHOUT**

**PREJUDICE,** the motion for handwriting specialist (Doc. 37) is **DENIED**, the motion for a hearing (Doc. 38) is **DENIED**, the motion for leave to proceed in forma pauperis (Doc. 42) is **MOOT**, and the motion for additional time to pay partial filing fees (Doc. 43) is **MOOT**.

**IT IS SO ORDERED**

**DATED: February 8, 2017**

                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**