IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HERMAN ADDISON, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15-CV-1076-NJR-DGW ) |
| JAY HAMILTON, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is currently before the Court on Plaintiff Herman Addison's Motion to Disregard/Void Defendant's Motion to Dismiss (Doc. 52).

Plaintiff Herman Addison, a former inmate of the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was on parole. On October 19, 2017, Defendant Hamilton served Addison with a notice of deposition, which indicated that Addison would be deposed on October 25, 2017, at 10:00 a.m. in the St. Clair County Courthouse (Doc. 47). Unfortunately, however, Addison did not show for the deposition, which prompted Defendant Hamilton to file a motion to dismiss for lack of prosecution (Doc. 47).

Addison did not respond to the motion to dismiss by the thirty-day deadline set by the Local Rules. *See* SDIL-LR 7.1. The Court then gave Addison another chance to avoid dismissal by ordering him to show cause in writing by December 11, 2017, why the case should not be dismissed (Doc. 49). Addison was warned that his failure to respond to the Order to Show Cause could result in the dismissal of the case with prejudice (Doc. 49). Addison failed to respond to the Court's Order to Show Cause.

Consequently, the Court dismissed the case with prejudice pursuant to Rule 37(d) and Rule 41(b) based on Addison's failure to appear for his deposition, as well as his failure to prosecute the case and comply with a court order.

Approximately three weeks after judgment was entered, Addison filed the Motion to Disregard/Void Defendant's Motion to Dismiss (Doc. 52) that is presently before the Court. In the motion, which is very brief, Addison claims that he didn't receive the deposition notice (*Id.*). He also indicates that he "has been dealing with death in his family and financial hardship," and he assured the Court that he has taken precautionary measures to secure his incoming and outgoing mail (*Id.*).

Addison's motion can be treated either as a motion to alter or amend judgment under Rule 59(e) or a motion to vacate judgment under Rule 60(b). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "Vacating a judgment under Rule 60(b) is permissible for a variety of reasons including mistake, excusable neglect, newly discovered evidence, and fraud." *Id.* (citing FED. R. CIV. P. 60(b)).

Addison is essentially asking the Court to excuse his failure to appear at his deposition and his neglect in prosecuting this case. As such, the motion advances no grounds for relief under Rule 59(e). *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001) ("Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence."); *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (Rule 59(e) "does not provide a vehicle for a party to undo its own

procedural failures.") The only arguable basis for relief presented in Addison's motion is excusable neglect under Rule 60(b). It is well established that "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington*, 433 F.3d at 546 (internal quotation marks and citation omitted). For cases dismissed for lack of prosecution, relief under Rule 60(b) is warranted only upon a showing of extraordinary circumstances that create "a substantial danger that the dismissal was fundamentally unjust." *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994).

Addison claims that he didn't receive the deposition notice (Doc. 52), which might excuse his failure to appear at the deposition. But Addison also failed to respond to Defendant's motion to dismiss *and* the Court's Order to Show Cause, and the only reason he gives for those failures is that he has "been dealing with death in his family and financial hardship" (Doc. 52). The Court is sympathetic to the difficulties Addison was facing in his personal life, but Addison does not explain why those difficulties *prevented* him from communicating with the Court. Addison "could have and should have contacted the district court and opposing counsel to explain his circumstances and to work out amicable solutions, such as an enlargement of the discovery period and adjournments of depositions." *Harrington*, 433 F.3d at 548. Had he informed the Court of his situation, appropriate accommodations would have been made. Instead, Addison chose to simply abandon the case temporarily. Under these circumstances, the Court does not believe the dismissal of Addison's case was fundamentally unjust. *See Harrington*, 433 F.3d at 548 (affirming dismissal for want of prosecution where plaintiff tried to use the deaths of his sister and father to justify his inaction during the entire

discovery period but he did not explain why those circumstances prevented him from advising the court or defendants of his situation).

Consequently, Addison's Motion to Disregard/Void Defendant's Motion to Dismiss (Doc. 52) is **DENIED.**

**IT IS SO ORDERED.**

DATED:   May 2, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**